**Daniel ZURITA–VASQUEZ, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

**No. 05–76663.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 26, 2007.

Filed Oct. 4, 2007.

Christopher J. Stender, Esq., John M. Pope, Esq., Stender & Pope, PC, Phoenix, AZ, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District, Chief Counsel, U.S. Department of Homeland Security, Allen W. Hausman, Attorney, Phoenix, AZ, Emily A. Radford, Esq., Stephen M. Elliot, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GIBSON \*\*, BERZON, and BEA, Circuit Judges.

ORDER AND MEMORANDUM \*\*\*

Daniel Zurita–Vasquez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") removal order. Zurita–Vasquez conceded below, and the IJ found, that a 2002 forgery conviction renders him removable as an aggravated felon pursuant to INA § 101(a)(43)(R). The IJ further found Zurita–Vasquez ineligible for any form of discretionary relief.

1. We have jurisdiction to review a finding of statutory ineligibility for discretionary relief, *Moran v. Ashcroft,* 395 F.3d 1089, 1091 (9th Cir.2005), but Zurita–Vas-

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

quez is not eligible for any of the discretionary relief he seeks. His argument that he is eligible to apply for cancellation of removal is unavailing, as the statute plainly excludes aliens who have been "convicted of any aggravated felony." INA § 240A(a)(3). His argument that he is eligible to apply for a waiver under former INA § 212(c) for a 1991 conviction also fails, as the 1991 conviction was not the ground on which he was found removable.

2. Zurita–Vasquez also challenges the IJ's failure to grant a continuance so that he could file a motion in California Superior Court to vacate his 2002 forgery conviction. As he presents no constitutional claims or questions of law with respect to this issue, however, we lack jurisdiction to review the decision. 8 U.S.C. § 1252(a)(2).

3. One week before oral argument, Zurita–Vasquez moved to remand the case to the BIA because the vacatur of two California Superior Court orders sentencing him for probation violations allegedly reduced his sentence for the forgery conviction to less than one year.

The proper vehicle for introducing new evidence is by motion to the BIA to reopen removal proceedings, a step that Zurita–Vasquez has not taken. Although such a motion may now be untimely, *see* 8 C.F.R. § 1003.2(c)(2), Zurita–Vasquez could seek the Department of Homeland Security's joinder in the motion or could ask the BIA to reopen the case *sua sponte*. *See* 8 C.F.R. § 1003.2(a), (c)(3)(iii). As this Court's review is limited to the administrative record, 8 U.S.C. § 1252(b)(4)(A), we cannot consider the new evidence submit-

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

ted with the motion. The motion to remand is therefore DENIED.

Petition for review DENIED.